[No. 3601.   Decided June 26, 1901.]

GROVELAND IMPROVEMENT COMPANY (*H. M. Fisher, substituted*), *Appellant,* v. FARMERS' SUPPLY COMPANY, *Respondent.*

CONVERSION — EVIDENCE.

In an action by a corporation for the conversion of a quantity of hay, where a lease by plaintiff to defendant of the lands upon which the hay was grown was put in evidence by the latter, plaintiff is entitled, on rebuttal, to show that the officers executing the lease had intruded into office and had acted without authority, and that that fact was known to defendant when it accepted the lease.

CORPORATIONS — INVALID CONTRACTS — RATIFICATION BY RECEIVER.

The acceptance by the receiver of a corporation of rents reserved under an invalid lease which had been executed by intruders into the corporate offices, does not amount to a ratification, where the receiver had no knowledge of all the material facts and circumstances surrounding the lease.

Appeal from Superior Court, Clallam County.—Hon. JAMES G. McCLINTON, Judge. Reversed.

*A. W. Buddress* and *George C. Hatch,* for appellant.

*Trumbull & Trumbull,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—This was an action of conversion, originally begun by the Groveland Improvement Company, a corporation, as plaintiff, against the respondent, to recover the value of a certain quantity of hay which it alleged the respondent had unlawfully taken and carried away to the damage of the plaintiff. The complaint was in the usual form. The answer was a general denial. After issue joined, one H. M. Fisher was appointed receiver of the plaintiff corporation, and was thereafter substituted as

plaintiff.   On the trial of the action, after the appellant had introduced evidence tending to prove a *prima facie* case, the respondent introduced in evidence a written lease, purported to have been executed by the Groveland Improvement Company to the respondent, leasing to it certain lands for a term of eleven months; also evidence showing that the hay in controversy had been grown upon the leased lands during the term of the lease, and that it was a part of the income from the property, which inured to it by the conditions of the lease.   It also showed that the receiver, subsequent to his appointment, had received from respondent a part of the rental reserved by the terms of lease.   In rebuttal the appellant offered evidence tending to show that the respondent had taken possession of the leased lands over the protest of the duly elected officers of the Groveland Improvement Company, who had authority to manage its affairs and transact its business; that the lease upon which the respondent relied was executed by persons who had without lawful right, and by force and fraud, intruded themselves into the offices of that corporation and usurped the functions of its lawful officers, and that the respondent's manager was one of such persons; that these persons had been ousted from the offices they had usurped by the judgment of the court, and that proceedings therefor had been begun and notice thereof served upon the respondent's manager prior to the time of the purported execution of the lease; and, further, that the rental paid to the receiver was received by him without knowledge that the present action was pending, or that there was a dispute as to the respondent's rights under the lease.   The trial court refused to permit this evidence to go to the jury, whereupon the appellant rested.   The court then entered an order discharging the jury, and directed judgment for the respondent.

In our opinion, the trial court erred in rejecting the evidence proffered in rebuttal. If it be true that the lease upon which the respondent relied was executed in the name of the Groveland Improvement Company by persons who had unlawfully intruded into its offices, and the respondent had knowledge of that fact when it accepted the lease, such lease would afford it no protection; it would be a mere trespasser upon the lands described in the lease, and liable to the appellant for the value of the hay which it took and converted to its own use. The rule that third persons dealing with *de facto* officers of a corporation are protected in such dealings has no application. The rule is designed for the protection of innocent third persons, who have dealt with such officers without knowledge of their true character. But here the evidence offered tended to show that the manager of the respondent, who represented it in the making of the lease, was one of the persons intruding into the offices of the corporation which purported to execute the lease; and, as he had knowledge of the lack of authority of the intruders to represent the corporation, his knowledge must be imputed to the respondent.

Nor did the acceptance by the receiver of a part of the rental reserved in the lease amount to a ratification. Aside from his lack of power to ratify it without the consent of the court appointing him, knowledge of all the material facts and circumstances is essential to an effective ratification. This the appellant offered to show the receiver did not have.

The judgment appealed from is reversed and the cause remanded for a new trial.

REAVIS, C. J., and DUNBAR, ANDERS and WHITE, JJ., concur.